Special assumpsit, to restore 5^0© dollars in final settle- *36 mente and a depreciation certificate of 182b 7s. 7d. on demand, or certificates of the like kind. It turned out in evidence that these certificates were deposited by the plaintiff with the defendants to secure the payment of certain sums due by the plaintiff and one Robert Allison and Edward Spear, for goods sold to them; and it was contended that Campbell, one of the defendants, had parted with them previous to his sailing for England; before the period of the limitation of their credit. The value of certificates in Philadelphia was proved to have been in June 1784, from 2s. 6d. to 3s. in the pound, — from 3s. 4d. to 3s. 6d. per pound in December 1784, and after the passing of the funding act, on the 16th March 1785, they rose to 6s. per pound. Depreciation certificates, with interest paid up, were proved to be now sold at 15s. per pound, — and final settlement, with interest paid to March 1788, at 17s. per pound. The question was, what damages the plaintiff was entitled to recover. It was said for the plaintiff that as the defendants had sold the certificates in their own wrong, and against the terms of their original contract, that they are bound fully to indemnify the plaintiff, and that nothing but the present value of the certificates could make him whole, deducting such sum as might be due on the original contract for the goods, and cited ■ Daw of Damages 52, the jury are to give damages according to the circumstances of the whole, case. 2 Vern.,394. Where one is bound by bond to transfer 300I. *East India pgn stock before 30th September then next, though the *- stock was much risen, the defendant was decreed to transfer the 300I. stock in specie, and to account for all dividends from the time it ought to have been transferred.
Messrs. Bradford and Coxe pro qtier.
Mr. Lewis pro def.
But to this it was answered, and so mentioned to the jury by the court in their charge, that the measure of damages in contracts to deliver wheat and other articles had been heretofore settled by the court, and the rule was to assess the difference between the value of the article when it was to be delivered, and the price at the time of contract: that it was so fixed in the case of Cox v. Fox, and Lewis & Sons v. Car-radan, (the notes of the court’s opinion in the latter case having been read to the jury and hereto subjoined) and that on the whole circumstances of the present action the rule of decision seemed applicable thereto.
The jury found a verdict for the plaintiff for 169I. 13s. 2d. damages.
[Copy of the chief justice’s notes of the court’s opinion 20th April 1786. Inter Lewis & Sons v. Carradan.
“By this contract defendant was obliged to deliver 1000 *37 ‘ ‘ bushels of wheat on 10th of October 1781, at 4s. 6d. per ‘ ‘ bushel. If wheat rose in price still he ought to have deli“vered it, or pay the difference of the price; for if after the ‘ ‘ day of delivery wheat had fallen in price, the plaintiff was “not obliged to receive it and pay the 4s. 6d. per bushel, as “it was hot delivered on the day. Therefore he would not “have been bound by the contract, but entitled to receive “his 75I. and interest back again, and not to take wheat in “lieu of it at 4s. 6d. The rule or measure of damages in “such cases is to give the difference between the price con-‘1 tracted for and the price at the time of delivery. This is' “the rule in our opinion, but it is like all other rules, a gen- ‘ ‘ eral rule which implies exceptions. As in this case or any “other, particular or additional damages may be given in ‘ ‘ evidence.
Cited in 2 P. & W., 67.
“If the plaintiffs could prove that their mill was out of “employ for want of this wheat, or that they had made a ‘ ‘ contract to deliver a quantity of flour, which, for want of “this wheat, they could not comply with, and thereby sus- ‘ ‘ taiued a loss, either in the profit they would have made, or “by damages awarded against them for non-compliance, or o q-| “*any other special matter, it' ought to be given in J “evidence. Cases cited pro quer. 5 Vin. 510. 1 “Plowd. 290. 1 Inst. 92. 2 Vern. 97, 280, 394, 424. _ Pro '■'■def. Raw Evid. 194. 1 Cha. Cas. 209. Bull. Ni. Pri. 32, “132. 2 Vern. 415. 1 Burr. 1167.
‘ ‘ Verdict pro quer. for 155!. damages and 6d. costs.”