OPINION of tlie Court, by
Judge Owsuey.
Th© appellants, on the 6th of March 1812, covenanted to de-^vcr t° the appellees, at their furnace of Kanawha, six thousand bushels of good merchantable salt, in good suf-ficient barrels, well packed and nailed ; one thousand tliei-e0f per mouth, for six months next tbere-after, except the two first thousand, which was to be delivered at one tipie in two months ; and the appellees jn consideration thereof agreed to pay seventy-one cents Pe1' bushel, and bound themselves on the receipt of each quantity of salt to execute their bonds for the amount received, payable within six months,
The salt not having been delivered according to agreement, tins' action of covenant was brought by the appellees in the court below, and on the trial of the ⅛-sue joined to the plea of covenants performed, a verdict of nine hundred and forty-seven dollars and fifty cents was found in favor of the appellees, and although a motion for that purpose was made by the appellants, a new trial was refused and judgment entered according to the verdict.
There can he no question but what the court correctly refused to instruct the jury that the plaintiffs in that court could not recover any damages for any instalment of salt, unless a • demand of such in-stalment was proven to be made at the Kanawha salt works within the six months next ensuing the date of the covenant: for as the defendants in that court held the affirmative of the issue, without any proof on the part of the plaintiffs, a verdict might regularly have been found for them, unless the issue was proven on the part of the defendants; and besides, according to the obvious import of the covenant, under any issue, before proof of a demand could be required of the plaintiffs, the defendants should shew a readiness on their part to deliver the salt according to their stipulations.
We are also of opinion, the motion of the appellants for a new trial was correctly overruled. There is certainly nothing in the grounds stated of the verdict being contrary to law and evidence, and with respect to the damages being excessive, the evidence as spread upon the record will not warrant the interposition of the court on that ground. Without going into the inquiry *261 as to the damages which might be recovered in a case like the present, it is obvious the appellants have no right to complain of the damages assessed against them: lor the proof is abundant, from which the jury may have fairly inferred that the increased price of salt at the works, above what was to have been gi ven by the appel-lees, exceeded atthe time the salt should have, been delivered the amount assessed by the jury; and as by the failure of the appellants to comply with their covenant, they have been benefited to a greater amount than the damages assessed against them, for the purpose of preserving due faith in the execution of agreements, they should he compelled to pay the amount of the verdict.
The judgment must be affirmed with costs and damages.