## WILT & GREEN *against* OGDEN.

Where an action is brought for the non-performance of a contract, the defendant may show, under the general issue, that he offered to perform his part of the contract, but was prevented by the act of the plaintiff.

THIS was an action of *assumpsit*, which was tried at the *Tioga* circuit, in *June*, 1815, before Mr. J. *Yates*.

The plaintiffs declared on an agreement or promissory note, made by the defendant, to pay the plaintiffs 270 dollars, in drawing plaster, at 4 dollars and 50 cents per ton, from *Quiggs*, in *Ithaca*, to *Owego*; and also for goods sold and delivered.

Where A. sells and delivers goods to B., for which B. is to pay in work and labour, and A. brings an action against B. on the agreement, which is defeated, by proof that B. had offered to perform his part of the agreement, but was prevented by the act of A., A. will not be permitted to waive the agreement, and recover back from B. the original consideration.

The execution of the note having been admitted, the defendant, at the trial, offered to prove, that he had been to one *Quiggs*, in *Ithaca*, for the purpose of drawing the plaster, but that the plaintiffs had no plaster there. The plaintiffs' counsel objected to the testimony, on the ground that it was inadmissible under the general issue, but the objection was overruled by the judge: and the defendant proved that when he called on *Quiggs* for the plaster, he declined delivering it; that, afterwards, it was taken away by the plaintiffs, and, on the defendant's calling again for the plaster, it had all been delivered. The judge gave it as his opinion, that, upon this evidence, the plaintiff could not recover upon the note.

The plaintiffs then offered to prove that the original consideration of the note was for a pair of horses, sold by the plaintiffs to the defendant, and, offering to abandon the counts on the note, claimed to recover the value of the horses on the other counts; but the judge refusing to admit evidence for that purpose, the plaintiffs suffered a nonsuit, with leave to move the court to set it aside.

The case was submitted to the court without argument.

*Per Curiam.* The principal question, in this case, is, whether the defence set up on the part of the defendant, and received by the judge, was admissible under the general issue. The note upon which the action is founded, was to be paid in drawing plaster from *Ithaca* to *Owego,* and the defence was an offer of performance on the part of the defendant. From the testimony it very satisfactorily appeared that every thing was done by the defendant, which could be required of him, towards a performance of his contract, and that the non-performance was attributable solely to the neglect or default of the plaintiffs. This defence was proper and admissible under the general issue; it went to show that the plaintiffs never had any cause of action against the defendant. The contract necessarily implied that the plaintiffs were to have the plaster at *Ithaca,* ready to transport. This was in the nature of a condition precedent, and, from the evidence, it appears not only that the defendant went repeatedly for the purpose of transporting the plaster, the delivery of which was refused, but that for some weeks before the expiration of the time limited for the performance, the plaintiffs had no plaster at *Ithaca.* Any matter which shows that the plaintiffs never had any cause of action may be

given in evidence under the general issue; and, at this day, most matters in discharge of the action, which show that, at the time of the commencement of the suit, there was no subsisting cause of action, may be taken advantage of under this issue. (1 *Chitt. on Plead.* 472.) If the evidence was admissible under the general issue, it is not pretended that it did not amount to a defence against the counts upon the note itself; and if so, there can be no colour for the claim of the plaintiff to waive the note, and recover back the original consideration. Here is no failure of proof of the special contract; it is proved precisely as laid in the declaration; and to allow the plaintiffs to waive it, and recover back the consideration, would be permitting them entirely to change the contract, and recover in money when payment was to be made in the performance of services; and this, too, without any default on the part of the defendant. Judgment of nonsuit must, therefore, be entered according to the stipulation in the case.