The opinion of the court was delivered by
Gibson, J.
The acts of assembly creating a lien in favour of persons who contribute labour or materials to the erection of buildings, have created no personal liability on the part of an owner who has not entered into any contract for the supply of the labour or materials, but who has employed an architect to erect the building at a stipulated price; but the claim of the labourer, or material man, attaches specifically to the buildings in 'the hands of the owner. This claim may be rendered effective in either of two ways: 1st, By a judgment in an action against the architect, commenced within two years from the time of furnishing the subject matter of the demand; on which the building may be sold. 2d, By a scire facias specifically in rent, commenced within the two years, on a claim filed in the office of the prothonotary of the proper county, within six months after the services have been rendered, or the materials furnished.
*236 But the limitation of the lien was not designed exclusively -to protect purchasers from the owner, but to protect the property in the hands of the owner himself, after the claimant should have had a fair opportunity to proceed against it, within a reasonable time. In this respect, the case is unlike that of land once bound by a judgment which, as a lien, has been suffered to expire. There, the land is subject to be sold while it remains in the hands of the defendant; because the judgment is a personal charge, to satisfy which the land may be levied on, just as if it were a chattel: but in a scire facias there is no judgment against the person of the owner; and if the lien is gone, to give effect to which, alone, there is a remedy against the owner, the remedy, also, is necessarily gone. I therefore, by no means, concur with the court below, that if the claim were filed after the six months, or the scire facias were not issued within the period prescribed, the property might, nevertheless, be sold in the hands of the owner. But although the opinion of the court as to this, be wrong, it is, an error in regard of an abstract principle, which could have no effect on the decision of the question submitted to the jury, by the pleadings; and one which cannot be taken advantage of here. The plaintiffs had obtained a judgment by default, which, on the affidavit of Kurtz, the owner, that he had a full defence; that the defence arose from the inattention of his attorney, and that he had entered into no contract with the plaintiffs, and was therefore not liable to pay, was opened, to let him into a defence: whereupon, he pleaded payment, with leave to give the special matters in evidence; and on that the parties went to issue. The nature of this plea appears frequently to be misunderstood. It was first introduced into practice in actions of debt on bond, from necessity, and to let in evidence of facts which would furnish a ground for an injunction in chancery, where the demand was irresistible at law; and in such case, if the facts were made out, the jury were directed to presume every thing to be actually paid, which in equity and conscience ought not to be paid. Hence it erroneously came to be considered, in cases were there was no equitable defence at all, either real or pretended, as a- sort of panacea in pleading, adapted to all cases, and, where every other expedient might fail, securing to the defendant by a mode of opera ■ tion peculiar to itself, the benefit of every sort of defence that could be made under any particular plea, or all other pleas together. It is not however in the nature of a general issue, contesting the truth of every fact averred by the plaintiff: on the contrary, it admits the original merits as set out, and puts the defence on collateral grounds. As an equitable plea it makes room only for what would sustain a bill in chancery: and as a legal plea, it makes room only for evidence of direct payment, or what, in particular cases, where this plea is directed by act of assembly, is equivalent, to direct payment, and matter of legal defence: as, for instance, set off under the defalcation act. But in every-suph defence, whether legal or equi *237 table, the demand on original grounds, is admitted. Now here the ■writ of scire facias contained an averment of every fact necessary to enable the plaintiff to recover; and as these facts were not traversed by the plea, they are to be taken pro confesso. The points therefore, on which the defendants required the direction of the coui’t, were not involved by the pleadings; and an error with respect to them in the chax’ge, cannot be assigned as a ground for reversing the judgment.'
Besides the point just disposed of, there ai’e two bills of exceptions to evidence. The defendants offered a transcript from the docket of a justice of the peace, of a suit by one of the plaintiffs against Lewis, the architect, and one of the defendants in the present cause, in which judgment was obtained; but it did not appear that the debt had been collected. I am not going to say whether the prosecuting of an action against the person of the architect, with whom the plaintiff has contracted, is inconsistent with the prosecuting of a scire facias against the property; or whether the i’emedies are cumulative and xnay be prosecuted together. That' question does not necessarily arise; for it did not appear that the suit before the justice was for the same cause of action as the suit at bar; aixd the transcript was therefore properly excluded. And as to the propriety of admitting evidence of the declarations of Kurtz, the owner, that he had retained money in his hands for the purpose of discharging the lien, I cannot entertain a doubt. These were declax’ations of a party in the cause, admitting in some degree the legality of his antagonist’s demand; and as such they were clearly competent evidence.
Judgment affirmed.