## WILLIAM ROBINSON *versus* JOHN BATCHELDER.

In assumpsit upon a written contract to deliver specific articles at a particular time and place, the defendant may show under the general issue that he had the articles ready at the time and place and that no one came to receive them and this is a good answer to the action.

And a defendant in such a case may show under the general issue that the plaintiff accepted part of the articles before the day, and this will be a good defence *pro tanto.*

And further the defendant may show in such a case that subsequently to the making of such contract a parol agreement was made between the parties that the articles should be delivered at a different place and a tender at such different place will discharge the contract.

But where in such a case the defendant left the articles at the place in the custody of a person who was authorized to deliver them only in case the plaintiff produced and gave up the written contract it was held that the articles were not ready at the time and place so as to discharge the contract.

ASSUMPSIT upon a contract in the following words : " May 28, 1816. For value received I the subscriber promise to deliver to W. R. two likely middle aged cows

Robinson<br>
v.<br>
Batchelder.

with calf, or calves by their sides to be delivered at the place of my present abode to said R. or his order in five years from the above date, as witness my hand." J. B.

The cause was tried here upon the general issue, at September Term, 1825, when the defendant admitted that he made the contract, but he introduced evidence to prove that in February 1821, the plaintiff agreed to receive and did receive a cow with calf from the defendant in lieu of one of the cows that was to be delivered in May that year. To the admission of this evidence upon the general issue the plaintiff objected, but the evidence was admitted by the court.

In order to render it improbable that the cow which the plaintiff received in February was received in lieu of the cow to be deliverd in May, he offered to give in evidence to the jury the value of the cow received and the expense of keeping a cow. But the court being of opinion that the evidence was irrelevant, rejected it.

The defendant then introduced evidence to prove that it had been agreed between the parties that the cows should be delivered at a Mr. Philbrick's which was a different place from that mentioned in the contract ; and one witness testified that in February, 1821, the plaintiff said that the cows were to be delivered at Philbrick's. The same witness testified that it was agreed at the time the contract was made that they should be so delivered and he understood the plaintiff to refer to that agreement.

The court instructed the jury that parol evidence was inadmissible to prove that a different place of delivery was agreed upon at the time the contract was made, but that if they were satisfied by the subsequent declaration of the plaintiff and the conduct of the parties that subsequently to the making of the contract there was an understanding between the parties that the cows should be delivered at Philbrick's, a tender there was sufficient.

Robinson
*v.*
Batchelder.

The defendant introduced evidence to prove that he had a cow and calf at Philbrick's on the 28th May, 1821, and that he directed Philbrick to deliver the cow and calf to the plaintiff provided he produced and gave up the note. Philbrick's wife testified that the plaintiff came to their house on the 28th May, 1821, that she told him that a cow and calf had been left there for him, that the cow was in the pasture and the calf in the barn and the plaintiff went and saw the calf ; but there was no other evidence of any offer of the cow and calf to the plaintiff.

The court instructed the jury that if they believed that the cow and calf were at Philbrick's under such circumstances, that the plaintiff might have conveniently taken them had he chosen so to do, without giving up the note, the tender was sufficient and that it might be given in evidence on the general issue.

The jury returned a verdict for the defendant and the plaintiff moved the court to grant a new trial.

*Woodbury* for the plaintiff.

No part of the defence in this case could be proved under the general issue. All the elementary writers agree, that a tender must be pleaded specially. 1 Chitty's Plead. 473 ; 2 do. 431 ; 1 Saund. 33, *note* 2 ; Bacon's Ab. " Tender" H 2.

Whenever such a defence appears in the reported cases it appears under a special plea or a detailed statement of facts in pursuance of some statutory provision. 8 Johns. 474, *Slingerland* v. *Morse* ; 4 Mass. Rep. 474, *Robbins* v. *Luce* ; 1 Greenl. 120, *Aldrich* v. *Albee* ; 5 Johns. 119, *Newton* v. *Galbraith.*

Where performance or a readiness to perform, has been permitted to be given in evidence under the general issue, it was in cases where the contract was to perform labor or do particular acts which could not in their nature be tendered and set apart like specific articles. In no one of the cases could the subject matter of the contract be the subject of trover, detinue or replevin. 13 Johns. 56.

There is no convenience in the general issue in these cases to justify a departure from the long established mode of pleading specially. On the contrary in a special plea the issue is better defined and the rights of the parties safer. Many of the uncertainties attending the trial of this case would under a special plea have been avoided.

In the next place it was not competent under any form of pleading to admit evidence that the parties at the time the note was made or at any subsequent time agreed upon a different place of payment. It was not competent to show that such an agreement was made at the time the note was given, because that would be to admit parol evidence to vary a written contract. And it was not competent to show a subsequent agreement, because such agreement must be deemed a new contract, which if broken may be the subject of a suit. 3 D. & E. 590 ; 12 Mass. Rep. 281, *Mowry* v. *Todd* ; 1 Chitty 96 and 115 ; 1 East 619, *Heard* v. *Wadham.*

The tender in this case was not absolute, but conditional. It is well settled that any condition, however small, viciates a tender. Here the cow was not to be delivered unless the note was given up. No person acting under the debtor had a right to wave or altar this condition. Any offer under him without the condition was void. Peake's cases 179, *Cole* v. *Blake.*

The cow said to be tendered at Philbrick's was not so described as to enable the plaintiff to judge, whether he ought to accept her. She was not in the barn, or pointed out in the pasture, or her colour or size mentioned.

And further, the evidence as to the value of the cow delivered in February and the value of her keeping till May was relevant and ought under the circumstances to have gone to the jury. It was offered to rebut testimony offered on the other side that she was accepted in part payment of the note. It would have proved her to have been worth much less than such a cow as that described in the note, and her keeping till May would have

increased the difference to one half. Hence we should have argued and properly, it is believed, that as some of the witnesses testified the cow was taken to keep till May and not accepted in payment of half the note, when she was not worth under the circumstances over one fourth of the note.

Tenny and *Sullivan* for the defendant.

RICHARDSON, C. J. The first question to be decided in this case is whether in assumpsit upon a contract to deliver specific articles at a particular time and place the defendant can by law be permitted to give in evidence upon the general issue as an answer to the action, that he was ready at the time and place with the articles and that the plaintiff refused them, when offered to him ?

It is well settled that a tender of money cannot be given in evidence upon the general issue in assumpsit upon a contract to pay money. The reason of this is very obvious. The tender in such a case is no discharge of the debt and no bar to an action. 1 Saund. 33 *note* 2 ; Notwithstanding the tender the debt remains.

But upon a contract to deliver specific articles at a particular time and place, an offer of the articles at the time and place is in law a good excuse for the non-performance of the contract, if the promisee refuse to receive them, and the promisser is forever discharged from all the obligations which the contract imposed upon him. *Weld* v. *Hadley*, 1 N. H. Rep. 295.

Chitty says "it may appear singular that under the general issue which in terms only denies a valid contract the defendant should be permitted to avail himself of a ground of defence which admits a valid contract but insists that it has been performed or that there is an excuse for the non-performance of it, or that it has been discharged ; it is as observed by Lord Holt a practice which has crept in improperly but is now too well settled to be altered." 1 Chitty's Plead. 472. Chitty therefore seems to have considered it settled that an excuse for the non-

performance of a contract might be given in evidence upon the general issue in assumpsit, and it was expressly so decided in this court in the case of *Goldthwaite* v. *Arms* in the county of Cheshire many years since. 1 Wilson 115. It is however customary in such cases to plead the matter in bar. *Robbins* v. *Luce*, 4 Mass. Rep. 474, and 5 Johns. 119. But we are of opinion that it may be given in evidence upon the general issue. 13 Johns. 56, *Wilt & a.* v. *Ogden* ; 8 Johns. 474, *Slingerland* v. *Morse.*

In *Stafford* v. *Clark*, 2 Bing. 377, it was decided that under the general issue in assumpsit a judgment recovered for the same cause of action might be given in evidence. 1 Chitty's Plead. 472.

Another question in this case is, whether the defendant was entitled to show under the general issue that the plaintiff accepted, in February, 1821, a cow with calf in lieu of one of the cows which were agreed to be delivered in May ?

On this question there is no doubt. The acceptance of the cow was a satisfaction *pro tanto*, and the evidence was clearly admissible. Phillip's Ev. 126 ; 3 Burr. 1345, *Bird* v. *Randall* ; 1 Chitty's Plead. 472 ; 7 Mass. Rep. 325, *Baylies* v. *Fettyplace.*

As to the objection that the tender was not made at the place mentioned in the contract it seems to us to be well settled that a subsequent agreement by parol may be shown to prolong the time of the performance of a written agreement. Phillip's Ev. 438 ; 1 Maule & Selwyn, 21, *Cuff* v. *Penn* ; 3 D. & E. 591 ; 1 Johns. *cases*, 22, *Keating* v. *Price* ; 3 Johns. 528, *Fleming* v. *Gilbert* ; 8 Johns. 193 ; 1 Espin. N. P. C. 35, *Ratcliff* v. *Pemberton* ; 15 Johns. 200, *Hasbrouch* v. *Toppen* ; 1 Cowen, 249, *Erwin* v. *Saunders.*

And we are of opinion that parol evidence was admissible to prove that after the making of the original contract, it was agreed between the parties that the cows should be delivered at a place different from that men-

tioned in the contract. We think that the place as well as the time of performance may be varied by a subsequent parol agreement. At least it will in our opinion amount to a waver of a tender at the place. Here it does not appear that the plaintiff at the time objected to the place, where the cow was left, and we think that after agreeing to receive her at a different place from that stated in the original contract, he cannot now object that she was not offered at the proper place.

But it is further objected that although the cow and the calf were at the time appointed at the place, where the plaintiff had agreed to receive them, yet there was no person present who was authorized to deliver them, when the plaintiff went to receive them, or at any time during the day, because Philbrick was only directed to deliver them in case the plaintiff produced and gave up the note, which was a condition the defendant had no right to impose. We are not aware that any good answer can be given to this objection. It is very clear that the defendant had no right to impose such a condition, because the note when paid would not have belonged to him. This point was decided in *Todd* v. *Crookshanks*, 3 Johns. 432. The cow and calf ought to have been left to be delivered to the plaintiff, or offered to be delivered without any condition whatever. It therefore seems to us that although the cow and calf were at the place they were not there ready to be delivered to the plaintiff so as to discharge the contract. No person had authority to deliver them unconditionally. No person offered to deliver them. If the plaintiff had taken them without giving up the note he might have been treated as a trespasser. And we are of opinion that a note payable unconditionally in specific articles at a particular time and place is not discharged by having the articles at the time and place unless they are there ready to be delivered absolutely without any condition whatever. As the cow and calf were not so ready in this case, the

contract was not discharged, the jury were misdirected and there must be