(55)                    CORNELIUS v. M'DONALD.

In an action of debt for 10,000 feet of plank, to be delivered at a certain time and place—held, that no demand was necessary, and that the defendant might show a readiness on his part to deliver, &c. (Note a.)

ERROR from the Franklin Circuit Court.

WASH, J., delivered the opinion of the Court.

This was originally an action of debt, brought by M'Donald against Cornelius, before a Justice of the Peace, founded upon the following instrument in writing : " On or before the first day in August next, we or either of us promise to pay John M'Donald 10,000 feet of good merchantable pine plank, delivered at our mill, as witness our hands, this 19th day of June, 1825. (Signed) John R. Robertson [Seal,] Absalom Cornelius [Seal.]" On the trial before the Justice, M'Donald had judgment, from which Cornelius appealed to the Circuit Court; upon trial de novo, M'Donald offered the above instrument of writing in evidence, and proved the value of the plank at the time and place specified in said instrument, but did not prove any demand whatever of the plank mentioned, either at the mill or any other place, and obtained judgment; to reverse which Cornelius prosecutes his writ of error in this Court. The error assigned is general. The point relied on is, that the Circuit Court erred in refusing to instruct the jury " that the plaintiff had not shown himself entitled to recover, for the reason that he had not proved any demand of the plank, or

Cornelius *v.* M'Donald.

want of readiness," &c. The doctrine in relation to such property contracts, as well as the contracts themselves, are pretty much the growth of the western country, and have sprung up amongst a people whose character and circumstances are peculiarly that of a trading and *trafficing* people. In settling the principles of law applicable to such contracts, policy would dictate conformity to those governing money contracts, where reason and the obvious intention of the parties do not forbid it. In Kentucky, such contracts were in early times very common, and we find many cases in their reports, some of which seem a little contradictory.

In the cases of Letcher *v.* Taylor, and Chambers *v.* Winn, (in note,) *Hard.* p. 80, the contracts were for the payment of property on *demand,* without naming a place. The declaration stated a demand at the county, &c., and the Court held that a demand at the residence of the obligor was necessary : which the plaintiff ought to alledge (56) and prove. The case of Welmouth *v.* Patten, 2 *Bibb,* 280, is where no *place* for the payment or delivery of the property was named, and the Court decided " that a demand at the obligor's residence must be averred, &c." On a contract in England for the delivery of cumbrous property, where no place had been named, it is held to be the duty of the obligor to wait on the obligee, and know of him where he will receive the property, and to tender the property on the day at the place appointed, &c. But upon contracts payable at a time and place stipulated and expressed, it has been held that no special demand is necessary, and so the Court of Appeals in Kentucky have decided in the case of Grant *v.* Grashon—*Hard. Rep.,* p. 85—and sundry cases there cited. The case of Shrewsbury *v.* Buckley, 4 *Bibb,* 260, was on a covenant for delivery of 6,000 bushels salt at their (the obligor's) furnace on the Kenawha, in good and sufficient barrels, well packed and nailed ; one thousand bushels thereof per month, for six months thereafter, &c.; in which the Court held that no demand was necessary, and that the defendants might show a readiness on their part to deliver, &c. This is believed to be the correct doctrine on the subject ; it imposes no hardship upon the defendant, or obligor, if the property was, in truth, ready at the time and place, to plead and prove it—whilst the contrary doctrine might subject the plaintiff or obligee to much trouble and expense in making a demand which he knew before hand could not or would not be satisfied.

The judgment of the Circuit Court is, therefore, affirmed, with costs.

(*a.*) See Martin *v.* Chauvin, 7 Mo. R., 280.