## ABNER B. ROBERTS *against* WILLIAM BEATTY.

### IN ERROR.

In a suit brought upon a due-bill in these words, "on the 1st October next, due A. B. R. two bureaus at *Carnahan's* shop, in Butler." *Held*, that the cause of action was not the subject of a statement, under the act of 21st March, 1806.

When the time and place for the delivery of specific articles are fixed in the due-bill, the payor has an election to pay at the time and place, either in the property stipulated for, or money; but after the day is gone by, the right of election is gone, and the payee may sue and recover from the payor the value of the specific articles, in money.

When a contract is entire, for the delivery of a number of specific articles, at a certain time and place, the vendee is not bound to receive a part; and though part be delivered, he is not liable to pay for the same, if willing to accept and pay for the whole.

If the vendee accepts a part, he thereby disaffirms the entirety of the contract, and will be obliged to accept and pay for so many articles as are individually furnished according to the contract.

The general rule of the common law is, that when no time or place is fixed by the contract for the payment or delivery of specific property, there must be an offer or tender within a reasonable time to pay or deliver. If no place be fixed, the obligor or payor must seek the creditor, if within the state, and tender or offer to perform the stipulation contained in the contract; and if the property is portable, it must be taken to the creditor and delivered to him; or at his residence. If the property be too ponderous, then the debtor must call upon the creditor a reasonable time before, and ask him to appoint a time and place when and where he will receive them.

General rules for the construction of contracts for the delivery of specific articles.

An action on the case, is the most appropriate remedy for the recovery of the value of specific articles not tendered or delivered on the day stipulated.

WRIT of error to the Common Pleas of Butler county.

The whole case is so fully stated in the opinion of the Court, that it renders any additional statement unnecessary.

*Ayres* for plaintiff in error.

*Bredin* for defendant in error.

The opinion of the Court was delivered by

Ross, J.—The plaintiff states his cause of action in this case, to be two several writings made by the defendant, and signed with his own proper hand, and delivered to the plaintiff for a full and valuable consideration in the words following:

"On the first day of October next, due A. B. Roberts two bureaus at Carnahan's shop in Butler.           *Wm. Beatty.*

"*May* 31*st*, 1826."

"On the first of January due Abner B. Roberts two bureaus at Carnahan's shop in Butler, and one dough-chest.   *Wm. Beatty.*

"*May* 31*st*, 1826."

(Abner B. Roberts *v.* William Beatty.)

That the said bureaus and dough-chest, at the times mentioned in said writings to be due, were not ready to be delivered at the place mentioned in said writings; nor at any other time or place before the bringing of this suit were they ready. Plaintiff also avers that the bureaus aforesaid were each to be of the value of fifteen dollars; and the dough-chest of the value of six dollars; and that he never did get either of them, to his damage seventy-five dollars.

30th May, 1828, defendant pleads payment, with leave, &c.

Replication *non solvit*, issue, &c.

It is much to be regretted that such laxity of pleading has ever been tolerated by the courts, as exists in this state: more especially, when the case involves the solution of important and complicated questions, never agitated here in the Court of the last resort. The act of the 21st March, 1806, contains some salutary provisions as to amending the pleadings. The fifth section of that act, to enable a plaintiff to conduct his own suit, authorized him to file a statement of his demand in certain enumerated cases, of which the plaintiff, it is believed, has seldom if ever availed himself: but to which professional indolence or negligence has frequently resorted, as an easy mode of avoiding the trouble necessary to such a perfect understanding of the case, as would be requisite to adapt the declaration or pleas to the particular circumstances existing in it. They have in many instances filed statements in causes, neither within the spirit nor letter of the act, as indeed has been done in this case.

Such informal, irregular, and illegal pleading increases the difficulties of the Court in their decisions, to an extent only perceived by those acquainted with the logical precision to which every point in controversy is reduced and presented by correct pleading. Formal and correct pleading is the foundation on which most of the principles of the common law rest—that common law, which our ancestors regarded as their birth-right, and the bulwark of their liberties. If we sap the foundation, the superstructure erected by the wisdom and experience of ages, falls prostrate, presenting to the scientific eye, a confused, disjointed, and unintelligible mass. But why, indeed, should formal and correct pleading be dispensed with? What good purpose is answered by it? Are not the Courts, in order to determine what the law is, obliged to consider almost every case, as if the pleadings were correct?

In the case before us, although no error is assigned on account of the defect of pleading, (and, perhaps, under the decisions of the Courts in this state it would be too late to have assigned such error here) still the Court are of opinion, that if the defendant

had demurred to the statement filed, it would have been fatal. All the cases embraced in the provisions of the act, and in which a statement can be filed, are limited to those enumerated in the fifth section of the act of 21st March, 1806, and which from the amount thereof may not be cognizable before a justice of the peace; and also to such cases of the description therein enumerated in which a sum certain appears to be due; or in which the precise sum due may be ascertained by a calculation without the intervention of a jury. For it is expressly provided, "That if the plaintiff shall appear, but the defendant or defendants shall neglect to appear, and make defence against the demand of the plaintiff or plaintiffs, it shall be the duty of the Court to give judgment by default against the defendant for the *sum* which shall *appear* to be due." I am well aware of the case of *Thompson* v. *Gifford,* 12 *Serg. & Rawle,* 71, and do not think that it militates against the doctrine now laid down.

Important and novel as this case is in this state; and the decision of which may have an effect on all similar contracts, it has been argued without a single authority being cited on either side. The gentlemen concerned have devolved upon the Court the whole labor of ascertaining the decisions in England or our sister states: a labor almost incompatible with the performance of the other duties required of a judge. In the words of a judicious essayist of a sister state, "Counsel must present the case to the Court, investigate the principles on which it depends, produce authorities, and trace out the analogies of the law, or the Court are not responsible for a correct decision. This is most emphatically true, under the present organization of our Courts:"—and I would add, is equally true and applicable to our own state.

The questions which this case presents for our determination are—1st. Was the defendant at liberty to tender at any time before judgment rendered against him, the cabinet work stipulated to be delivered, and thereby discharge himself from the payment of his contract in money? 2nd. Was the plaintiff bound to receive a part?

The rules of construction of contracts are in general the same at law as in equity. 3 *Black. Com.* 434. 2 *Burr.* 1108. 3 *Vez.* 692. 1 *Peters' Rep.* 193. 1 *Fond. Equ.* 5 *ed.* 147.

In expounding an agreement we must consider the subject-matter;—the object of making it;—the sense in which the parties mutually understood it at the time it was made;—the place where it was entered into;—the use to which any articles stipulated to be delivered were to be applied;—if materials for building, when and where to be used;—and finally, the practical exposition, and the general understanding, custom, and usage amongst those who enter into similar contracts, in the execution and performance

(Abner B. Roberts *v.* William Beatty.)

thereof. The construction must be reasonable ; and the intention of the parties, if it can be collected from the instrument, and an attentive consideration of the circumstances always adverted to, with such others as may be incident to the nature and character of the particular contract, must control every other construction inconsistent with it ; unless repugnant with some settled principle of law. *Chit.* on *Cont.* 19. 2 *Pick.* R. 515, *Barrett* v. *Prichard.* 1 *Penn. R.* 224, *Demi* v. *Bossler.* If these positions be correct, then the Court below was wrong in laying it down to the jury, in broad and unqualified terms, that the prevailing notions, or opinions of the country should be discountenanced by Courts of justice, so far as respected agreements of the description of those on which this suit is brought: being payable in money if defendant failed to perform on the day stipulated. If it be true, that the prevailing notions and opinions of the country are, as stated by the Judge, (and there can be no doubt but that he was well satisfied of its truth before he asserted the fact,) is it not fair to presume that the prevailing notions and opinions of the country, in which the contract was made, were in contemplation of the parties at the time, and considered by them as the rule by which their contract would be construed:— as being indicative of their intentions. But the prevailing notions and opinions of the country were in accordance with the law of the land: for such I deem the common law to be. *See* 5*th Dane's Dig. title Debt, plea Tender, p.* 486 *to* 493. 8 *East.* 168, *Hume* v. *Peplor.* 5 *Bac. Ab.* 5. tit. Tender. *Fordley's Case.* 1 *Leon.* 68. In *Townsend* v. *Wells,* 3 *Day's Rep.* 327, which was an action on a promissory note for $80, to be paid in good West India rum, sugar, or molasses, at the election of the payee, within eight days after date, it was held to be unnecessary to aver that the payee had made his election, and given notice thereof to the promisor; as the latter was bound, at all events, to make payment within eight days, in one of the articles specified ; and, that on failure, he became immediately liable on the note. The latter part of this case applies to the position laid down above. The former part, is an answer to the argument, that there must be a request averred, and proved, to enable the plaintiff to sustain his action:—See 5 *Dane's Dig.* Art. 7. p. 499, and the numerous cases there cited, as to the time when a tender must be made:—See also 10 *Mass. Rep.* 230. The case of *Green & Maffit* v. *Annin & Henry, Halsted's Rep.* 461, clearly shows that a tender of specific articles, must be made on the day stipulated.

The books referred to, and the cases there cited proves, that the prevailing notions and opinions to be discountenanced, were in perfect accordance with the principles of the common law.

(Abner B. Roberts *v.* William Beatty.)

It is on this mistaken view of the law, that the whole of the charge is based. It is of course predicated on false premises; and the deductions drawn from them are necessarily erroneous. Here the case might be safely left without any further examination, to show that the Court erred: but there are other matters, which deserve and shall receive some attention.

There is a well settled distinction between executory and executed contracts. The former convey a chose in action: the latter a chose in possession. 2 *Bl. Com.* 443. 1 *Com. on Cont.* 3. 3 *John. Rep.* 388, 424. 15 *John. Rep.* 34. *M'Donald* v. *Hewitt.* In this case the consideration was executed. It had been received by the defendant in advance. This is manifest, from the terms of the instrument, which is: "On the first day of October next, due A. B. Roberts, two *bureaus*, at Carnahan's shop in Butler." The meaning of the word "due" is owe. It is so understood in common parlance. It is so used in official settlements; and in settlements between individuals. Due A B. on settlement, $60, means, there is that sum owing to A B. With what truth could it be said, that there was due A. B. Roberts two bureaus; unless the defendant was indebted to him, two bureaus? It also sufficiently appears, that the defendant had received the consideration in advance, by the defence which he set up; and the facts faintly portrayed in the charge of the Court. If a merchant or cabinet-maker gives a due bill to A, payable in goods, or cabinet work; and if no time, or place of payment be designated, the due-bill contains an acknowledgment, that A has paid him in advance, for the amount of the goods or cabinet work, therein expressed. No time, or place of payment, was designated in the due bills in this case. They, therefore, contain an acknowledgment, that the plaintiff had paid the defendant in advance. See *Chipman's* Essay on contracts for the payment of specific articles, 29, 29.

On the part of the plaintiff nothing further was required to be done, in order to entitle him to claim a performance of the contract by the defendant. The day and place being fixed by the agreement, it was the duty of the defendant to have tendered the articles, on the day stipulated; or to have been ready at the place, prepared to do so. The rule, laid down in the case of *Paradise* v. *Jane Alleyn,* 27, cited in 10 *East.* 533, it is said, has been often recognized in Courts of law, as a sound one; i. e. "that when the party by his own contract creates a duty or charge upon himself, he is bound to make it good, if he may; notwithstanding any accident by inevitable necessity; because he might have provided against it by his contract." See also 1 *Yeates,* 36, 37. Whether the plaintiff or any person for him attended, would make no difference. *Chip.* on *Cont.* 28. *Dane's Dig.*

(Abner B. Roberts *v.* William Beatty.

493, art. 3, sec. 1. According to the French law the consigna‑ tion must be made at the day and hour appointed; and in order to be valid, it ought to be of the whole sum due, unless the debtor had, by the agreement, a right to pay in parts. *Poth. on Ob.* Nos. 444, 544. The case of *Green et als.* v. *Maffat et als.* 1 *Halsted Rep.* 461, was debt on bond, conditioned for the payment of £391 5*s.* at Albany, in good leather. The plea was payment. The proof offered, was tender of the leather; which the Court rejected. Ch. J. *Kinsey* observed: "Payment is an absolute dis‑ charge of the bond. Tender can in no instance be considered so. The leather was not delivered on the day stipulated. The right of election on the part of the defendant ceased. The case in *Bro. Ab.* title debt, *Pl.* 159, is so perfectly analogous, that we may refer to it, as authoritative. One had undertaken to pay £20, or deliver twenty bales of wool. The obligee demanded the money; and it was held, before the day fixed for payment, that the obligee had his election to pay either; after the day, without any tender being made, the obligee might demand the money." The principle of the cases are exactly similar. All agreements to pay in specific articles, are presumed to be made in favour of the debtor; and he may, in all cases, pay the amount of the debt in money, in lieu of the articles, which, by the terms of the con‑ tract, the creditor had agreed to receive. And if he tenders the articles on the day fixed by the agreement, he may plead it, and continue his right to pay the property instead of the money. *Poth.* on *Ob.* No. 497, also 1 *Poth.* art. 3, sec. 2, No. 223. *Chip.* on *Cont.* 35. See the same principle in *code Napoleon,* book 3, page 324. No special request is necessary to render the payor liable, when the day and place are fixed by the contract. 1 *Bibb,* 449, 452, *Mitchel* v. *Gregory.* In *Shrewsbury* v. *Buckley,* it was decided that a covenant by J and L, to deliver to B and others, at their furnace in Kanawha, 6000 bushels of salt per month, &c., damages might be recovered for the non-delivery of any instalment, although a demand was not made at the salt‑ works. 4 *Bibb,* 260. So in *Thomas* v. *Roosa,* 7 *Johns. Rep.* 461, it was held, that on a note, by which defendant promised to pay plaintiff a good horse, to be worth with saddle and bridle $80, and goods out of the store amounting to $20, no request was necessary, or requisite; for a request was not parcel of the con‑ tract.

In this case, the day and place being fixed by the agreement, the payor should have attended on the day at *Carnahan's* shop, ready and prepared to deliver the property in satisfaction of the due bills. On being sued, he should have pleaded the tender, and that he was still ready, &c.; or such matters as would have amounted to a tender, or an excuse, or discharge. This would

(Abner B. Roberts *v.* William Beatty.)

have been an exercise of his right of election, at a time when that right existed; and would, under proper pleas, have continued it unto the trial. But the payor did not deliver the property on the day, and at the place, stipulated in his due-bill: nor was he then ready and prepared to deliver the same. He, therefore, lost his right of election to pay in the money, or the property, and became liable to pay the amount of the consideration in money. *Halsted's Rep.* 463. *Chit. on Cont.* 304. 10 *Mass. Rep.* 230.

The other point in this cause, assigned for error, is contained in the 4th and 5th exceptions, viz.: That.the Court charged the jury that the plaintiff was bound to take a part, when the whole was not ready: and that if part of the property was ready when the plaintiff called, the jury might sever the contract, and give damages for that part which was not ready according to the contract.

The law appears to be well settled, that an entire contract cannot be apportioned, unless the defendant disaffirms the entirety of the contract, by receiving a partial benefit. *Chit.* on *Cont.* 273, and the authorities there cited. Where there is an entire contract for a specific quantity of goods, the vendee is not bound to receive a part; and though part be delivered, he is not liable to pay the same, if willing to accept and pay for the whole. *Chit.* on *Cont.* 132. 2 *New Rep.* 61. 2 *Stark.* 281, *Walker* v. *Dixon.* 3 *Bulst,* 225, 326. If a person order several articles from a tradesman at the same time, though at different prices, he may consider the whole as forming one order; and, he will not be obliged to accept, or pay for any particular article; unless all the rest are furnished on the terms agreed upon. But if he accepts of one article, he is precluded from saying the order was entire; and will be obliged to accept and pay for so many, as are individually furnished according to the contract. 1 *Camp.* 53. 6 *Moore,* 114. *Chit.* on *Cont.* 132. Let this case be tested by the principles of law referred to; and it will be seen, whether there is any error in that part of the charge, complained of in these exceptions. The statement filed, sets out two due bills of the same date, but payable at different times. The first is payable the first day of October, 1826. The second is payable the first of January, 1827. Each due bill was one entire contract in itself; and, as far as appears, had no connection with the other. The tender of the bureaus, on the first day of October, 1826; or a readiness to comply with the stipulation was an obligation imposed by the contract, to be performed by the payor, long before the other became due. And, if the defendant was prepared and ready on that day, to deliver the two bureaus, the plaintiff was bound to receive them. He could not object that those stipulated to be delivered on the first of January

following, were not also delivered; because the defendant was not then bound to deliver them, or have them ready. Each contract was separate and distinct from the other. Each, however, constituted an entire contract, and the plaintiff was not bound to receive less than the whole of the articles, stipulated to be delivered in the one, on which the property might be tendered, or offered to be delivered.

On this view of the subject, it does not depend upon the circumstances whether the part offered to be delivered could be enjoyed without the other; but upon the circumstance, whether the contract was entire. Having shewn by unquestionable authority, that each due-bill was an entire contract, which the law does not allow to be severed in the performance; unless by the assent of the other party, or acts amounting to an assent, the whole of the charge, in reference to this subject, proceeded on mistaken principles of law; and adopted a course of reasoning calculated to mislead the jury, by impressing them with an opinion that the law was different, from what it is really found to be on examination.

It is an indisputable proposition, that when the obligation, or agreement on which the plaintiff rests his right to recover, is proved or admitted, the debtor who alleges that he has discharged it, is obliged to prove the payment. 11 *Serg.* & *Rawle*, 234, *Lewis* v. *Morgan*, 2 *Evan's Pothier*, 125. 4 *Bibb*. 260. In this case the plea is payment. If the pleadings had been formal, the action should have been case. The plea should have been tender, or that defendant was ready and prepared to deliver the property on the day stipulated:—or, perhaps, under the modern decisions, the plea of non-assumpsit, with notice of the special matter relied on, might have answered, if the declaration had been in assumpsit or case. See *Wilt* & *Green* v. *Ogden*, 13 *Johns*. 56. The plea of payment, if found for the defendant, is an absolute discharge of all liability on the contract. 1 *Halsted Rep.* 463. The plaintiff would have been left without any remedy, whereby he could recover the consideration advanced, or the property stipulated to be delivered; for the bureaus in this case were not so described, or identified, as to enable him to sustain an action of trover, or replevin for them. If they had been set apart and delivered at *Carnahan's* shop, on the day stipulated, then the person with whom they were left might have been considered as the bailee of the plaintiff; and an action could have been instituted to recover them or the value thereof. 8 *Johns. Rep.* 478. In *Coit* & *Woolsey*, v *Houston*, 3 *Johns. Cas.* 243, *Thompson*, Justice, says, "From an examination of the authorities, I think I am warranted in adopting as a general rule, that an agreement, in order to be an effectual plea in bar, must be executed and satisfied with a recompense

in fact, or with an action, or other remedy, to execute it and recover a recompense. *Plowd.* 5. 11. *Sir T. Jones,* 168. And in *Case* v. *Barber, Sir T. Rahm,* 450. Accord, without satisfaction, but with tender, was pleaded, and the Court held it good." The present case is too clear on this point, to require any further investigation, to show, that the verdict on the plea of payment, when there has indeed been no payment, or satisfaction, or any delivery of the property, either actually, or constructively, so as to enable the plaintiff to recover it, would be pregnant not only with the greatest injustice, but also contrary to every principle of law applicable to the case. If there was no other reason, this alone would be sufficient to reverse the judgment.

The common law forms the basis of all the judicial decisions on the subject of contracts to deliver goods, or pay specific articles, as far as I have been able to examine the reports of the different states. The general rule of the common law is, that when no time or place is fixed by the contract for the delivery, or payment of the specific property, there must be an offer, or tender within a reasonable time to pay or deliver. If no place be fixed, the obligor or payor must seek the creditor, if within the state, and tender, or offer to perform the stipulation contained in the contract: and if the property is portable, it must be taken to the creditor, and delivered to him, or at his residence. If the property be two ponderous, or bulky, then the debtor must call upon the creditor, a reasonable time beforehand, and ask him to appoint a time and place, when and where he will receive them. If the creditor refuses, the defendant may plead this specially in discharge of his obligation. If a day be fixed for the performance, the debtor or creditor, who has to do any precedent act, (or both, if the acts be concurrent,) must perform or be ready and offer to perform on the day fixed. If either neglect to perform where the covenants are mutual, the offer or tender of a performance on the part of the other, if the contract be executory, will enable him to institute a suit for damages. After the contract is broken, uncertain damages have accrued, as to which there can be no tender. 8 *East.* 168.

In Kentucky the Courts have so departed from the rules of the common law, as to adopt it as a general rule, that if no place be fixed for a delivery of the property in payment of a contract, the delivery must be made at the debtor's place of residence. But the exceptions to this rule are more extensive than the rule itself. See *Littel's* selected cases, *Chambers* v. *Winn,* in *Hardin's Rep.* 79, in a note to the case of *Fletcher* v. *Taylor.* In all other respects they adopt the principles of the common law, so far as I have been able to discover, on an examination of the cases decided in that state. See *Knilland* v. *Scantland, Hardin's Rep.* 149. *Grant* v. *Groshort, Hard.* 85. *Miller,* v. *Alcorn,* 3 *Bibb.* 267. *Mitchell v. Gregory,* 1 *Bibb.* 449. 452.

(Abner B. Roberts *v.* William Beatty.)

In Vermont, Connecticut, New-Jersey, and Massachusetts, they have adopted the common law, in the exposition of such contracts; as will appear by referring to *Townsend* v. *Wells*, 3 *Day's Rep.* 327. *Green* v. *Annin*, 1 *Halsted Rep.* 461. *Lent* v. *Paddleford*, 11 *Mass.* 230.

In New Hampshire, they have decided that a tender on the day, discharged the defendant from any further liability. *Weld* v. *Hadley*, *Adams' N. H. Rep.* 323.

In Maine, they have not only adopted the common law, but have also decided, "That if a note be given for specific articles to a creditor living out of the United States; and if no place be assigned for the delivery of them, the foreign domicil does not absolve the debtor from the obligation of ascertaining from the creditor the place where he will receive the goods." *Bixly* v. *Whitney*, 5 *Greenleaf's Rep.* 192.

They have also adopted the common law in New-York, as will appear from the cases already cited, and the case in 4. *Cowen*, 452, in which the Court say, it is the duty of the obligor to seek the obligee, and know where he will appoint to receive the lumber, before the day, and it must be delivered where he appoints. See also 13 *Johns.* 56.

Upon a review of all the cases which have come under my notice, I find nothing to justify the charge of the Court below. It is true, that many contradictory decisions, and some doubts exist as to questions, which have not been involved in the decision of this case; and on which I express no opinion. But no authority can be found to support the charge, which is, indeed, calculated to introduce new notions into our code of laws, in the construction of contracts, different from the prevailing opinions of the country where such contracts are made. There is no evasion by the judge. The question is placed in bold relief; and presented for our consideration in a tangible form. The judgment, however, must be reversed, and a *venire de novo* awarded.

HUSTON, J.—I cannot say that I dissent from the opinion delivered; but I cannot say that I agree to it. The points raised are new to me; the decisions in the different states are different, nay contradictory. This is the first case on the subject which has been before this Court. I agree that the charge of the Court below is wrong, but I am not ready to lay down any general rule: and as to the present case we have nothing on which an opinion can be formed. I have not found any case on a note like the present: the cases are on notes to pay so much money in specified goods; or to pay so much in money or goods; but this case is to pay two bureaus, &c., and no money mentioned. I incline to the opinion, that on such a note no other than an action on the case can be brought; and the proceedings must be as in any other action on the case,

(Abner B. Roberts *v.* William Beatty.)

the verdict cannot be in debt but in damages. So far I agree with the opinion delivered. I am not prepared to say, a recovery can be had on such a note, in a suit and proceedings in debt, nor positively totally to deny it, though with my present impression I would deny it. I am equally uncertain on the subject of a necessity for a demand on one side, or of tender on the other; the decisions in the neighboring states are contradictory on this subject; and I would prefer that each case and all its circumstances should come before us, and we should feel our way gradually. I am however of opinion that a tender of goods at any time before trial is not sufficient; and I reserve the right, if ever the case comes up again, to give my opinion on *it*, as the facts shall shew it to be.

Judgment reversed and a *venire de novo* awarded.