## CUMMINGS *v.* PUTNAM.

Parties to a written contract may, after it is made, fix by a further agreement a place for carrying it into effect, and appoint an agent to receive the money payable on such contract; and such agreement may be shown by parol evidence, and is binding upon them.

An offer of money to such agent is, in legal effect, an offer to the principal, and the admission of such agent, of the sufficiency of the money offered, is the admission of the principal.

Current bank bills, not objected to as such, will do the office of specie, when offered in payment of a debt payable in money.

TROVER, for a horse, which it appeared was the plaintiff's, and came into the defendant's possession by virtue of the following written contract:

"Deering, September 8, 1847.

"This certifies that I have this day delivered to Joseph Putnam a sorrel mare, to secure to him the payment of twenty-five dollars, which I owe him. If I do not pay him said sum in six days from date, the mare belongs to said Putnam, to pay said debt.

"LANGDON B. CUMMINGS."

The plaintiff introduced evidence tending to show that a short time after the contract was signed, before the parties separated, a parol agreement was made by the defendant, that the horse should be left, during said six days, at Tarbel's tavern, in Lyndeborough, and if the plaintiff should go there within said time, and pay the twenty-five dollars to Tarbel, he should have the horse. To the admission of th' evidence the defendant excepted, on the ground that it went to vary and control the written contract. The court overruled the exception.

The plaintiff then introduced evidence tending to show that he went to said Tarbel's twice within the six days, with twenty-five dollars of current bank bills; that the horse was not there, and had not been there, and was not there during

VOL. XVI.          37

any of said six days; that Tarbel took the money and counted it, and said there were twenty-five dollars, and that it was good money, and that he made no objection to the money because it was not specie. It did not appear that the plaintiff had any specie with him, except some small change. Tarbel declined to take the money, because the horse was not there to be delivered to the plaintiff. The defendant excepted to the evidence, because it appeared that the money was not specie. The court overruled the exception.

The plaintiff further offered evidence tending to show that during the said six days he went to the defendant's residence, but did not find him at home, neither could he find the horse, and also that the defendant went to New London during the time, and sold the horse there; and the plaintiff contended that even if it were necessary for the plaintiff to have made a tender of the money at Tarbel's in specie, the defendant had waived that right, and had converted the horse, and put it out of his power to deliver her at Tarbel's, or any other place.

The jury returned a verdict for the plaintiff, and the defendant moved to set the same aside, and for a new trial, for supposed error in the foregoing rulings of the court.

And it was ordered that the questions arising upon said motion be reserved and assigned to this court for determination.

*Walker*, *D. Clark* and *Cutting*, for the plaintiff.

*Ayer*, for the defendant.

Woods, J. The plaintiff in this case had pledged to the defendant the horse which is the subject of the controversy, to secure the payment of twenty-five dollars in six days. These terms were put in writing. But the parties afterwards agreed upon a place for the pledge to be kept, where

the plaintiff might find it, when redeemed, and a party to receive the money and re-deliver the pledge, at the place agreed on.

It was objected, that this agreement was not one which the plaintiff could set up, because it was in contravention of the terms of the written agreement, and was not itself reduced to writing. But this is not so. There is nothing in assigning a time and place for paying the money, that derogates in any degree from the obligation or contract to pay it. In *Currier* v. *Currier*, 2 N. H. Rep. 75, it was held that evidence might be admitted of the place for the performance of a written contract, which did not itself designate a place. And in *Robinson* v. *Batchelder*, 4 N. H. Rep. 40, it was held that when a written contract, for the delivery of specific articles, fixed the place of delivery, evidence was admissible to show that the parties afterwards verbally agreed upon another place; and a tender at the latter place was, in that case, holden to discharge the contract. The doctrine of those cases has not been drawn in question, and that of *Robinson* v. *Batchelder* goes to the full extent of sustaining the plaintiff's position here. The agreement to make certain what the writing had left dependant upon every accident that could determine the location of the defendant at the time the money should become due, was in perfect consistency with the contract itself, and was, moreover, in this case, made afterwards; and for that cause, within the rule of law which permits parties to alter and vary, by parol, written contracts previously made, as they see cause.

The same remarks are applicable to that part of the unwritten supplement to the contract, which designated Tarbel as the person to whom the payment should be made.

The contract, as supplied by these additional stipulations, was kept by the plaintiff, so far as was possible for him to keep it, that is, it was fully kept and performed, except so far as the default of the defendant rendered the performance

impossible. He repaired to the place agreed upon, and offered to pay, in a manner and with money such as Tarbel admitted to be satisfactory, the twenty-five dollars; and that, too, within the six days within which the same was to have been paid. Tarbel took the money and counted it, and made no objection to it as money; and as he was the party appointed by the defendant to receive it, his acts and his forbearance in this particular may be regarded as if he were the defendant himself.

Having done all that he was permitted to do, the plaintiff became thereupon entitled to the possession of the pledge. The defendant, however, has converted it to his own use, by selling it. He is therefore clearly liable in this action, and the plaintiff is entitled to

*Judgment on the verdict.*