Per Cur.

The single question is, whether an unmarried man may be guilty of adultery, under the act of assembly. Originally the offence was of temporal jurisdiction, but after the statute of cirmmspecte agatis, it was remitted to the bishop of Norwich, and through him to the spiritual courts.
Had the case been res integra, the decision of the court might be different from what it now is. It is true that practice sttb silentio will not make the law, but it is strong evidence of what the law is. It having been the constant practice to proceed against unmarried persons for fornication, though they may have been guilty of criminal conversation with married persons, we will not exaggerate the offence, nor carry it further than our predecessors have done: and therefore the court pronounce him guilty of fornication, and fine him iol. and the costs, and commit him to the sheriff of Philadelphia county, who always executes the process of the court in bank.
Shippen, J.
The practice above mentioned is truly stated from my personal knowledge for forty-eight years past.
Another point occurred in the special verdict, which was not however contended by the defendant’s counsel. It was whether on an indictment for adultery, defendant might be convicted of fornication. It was said by Mr. Bradford, that the larger offence included the smaller, and that it might justly be resembled to an indictment for murder, where one might be convicted of manslaughter, or to robbery, wheie one might be convicted of felony, or to a felonious trespass, where one might be convicted of the trespass, though the jury might acquit the party of the murder, robbery, or felonious trespass: and of that opinion was the whole court.