The opinion of the court was delivered by
TiughmAN, C. J. The plaintiff in error, (the defendant below,) was convicted and sentenced for a rape, in a Court of Oyer and Terminer, for the county of Franklin. Three errors were assigned, the first of which was abandoned. The second is, that the of-fence is not charged, in the indictment, to have been committed, forcibly and against the will of the woman. The expressions are, “ that he feloniously did ravish, and carnally know her.” I am of opinion, that this is sufficient. The word ravish implies force and violence in the man^ and want of consent in the woman. 'That the indictment need not aver, that the rape was committed against the will of the woman, seems to be the opinion of authors of the highest authority. Lord Hale, in enumerating the essential parts of the indictment, says, that it must contain the words, felonice rapuit and carnaliter cognovit, (1 Hale, 632.) Hawkins thinks, that the rape is sufficiently ascertained, by the words felonice rapuit, without adding carnaliter cognovit, (Hawk. b. 2. ch. 25. sect. 56.) Chitty, one of the latest writers on criminal law, says, the indictment must charge the offence to have been committed feloniously, and contain the technical word ravished. Whether it must also charge, that the defendant had carnal knowledge of the woman, he considers doubtful, but advises the insertion of those words. (3 Chitty, 812.) East, in his treatise on criminal law, (1st vol. 447,) says, the indictment must charge, that the defendant feloniously ravished her. It may fairly be concluded, from all these authorities, that the words against her will, are not essential; and certainly the word ravish, as commonly understood, implies that it was against her will. The next, and most plausible exception to this record, is, that the indictment contains two counts, — one for a rape, the other for an assault and battery, with intent to ravish. The verdict was guilty, generally, and the judgment was on the count for rape. There is a general rule, that although two felonies may be joined in an indictment, *71 yet it is improper to join a felony and a mere misdemeanor. The reason assigned for this, is, that the judgments for felony, and '.for misdemeanor, must necessarily be different. (1 Chitty, 255.) This reason does not seem to be quite conclusive, in cases like rape, where the misdemeanor in the attempt to ravish is merged in the felony, when the rape is accomplished; and, consequently, there would not be two judgments, but only one, viz. for the rape. Besides, the same authors who lay it down, that a felony and misdemeanor cannot be joined, admit, that after a general verdict, the objection of misjoinder may be avoided, by entering judgment on a particular count. (1 Chitty, 255.) Now, in the case before us, the judgment was entered only on the count for rape. But whatever might have been the force of this objection, before the alteration of our criminal code, when rape was punished with death, it is greatly weakened - since that alteration; for now, the punishment of rape, and of an assault with intent to ravish, are of the same nature. In both cases, the criminal is punished by confinement in the penitentiary, at hard labour, &c. The only difference is, in the duration of the punishment. The counsel for the commonwealth having asserted, that [he joining of a felony and misdemeanor, was supported by long practice in this state, I have had the records of the Courts of Oyer and Terminer, held by the judges of the Supreme Court, searched, from the year 1770 to the present time. I have found no instance of two counts in an indictment for rape, before the revolution. The form of an indictment then, was, “ that the defendant, violently and feloniously, an assault did make, with an intent the said A. B. then and there to ravish, and carnally know, and the said A. B., then and there, with force and arms, and against her will and consent, feloniously did ravish, and carnally did know.” And upon an indictment in this form, one Henry Carr was convicted, in the year 1772, of an assault with intent to ravish Christiana Farmer. The verdict there, was, . not guilty of rape, but guilty of an assault with intent to ravish. The same form of indictment was continued after the revolution, by the attorney-general, Mr. Bradford, the great advocate for the mitigation of our criminal code, who drew the first law, on that subject. But after this mitigation took place, the practice was introduced, of two counts, one for rape, the other for an assault with intent to ravish. The first precedent, of this form of indictment, which I have seen, was in the year 1813; The Commonwealth v. Calhoun, where the bill was returned “ ignoramus.” Since that, two counts have been common; an'd where the defendant was convicted on either, judgment has been passed on him. Upon the whole, then, there is sufficient ground for supporting the present indictment. The defendant was found guilty of rape, and received the judgment which the law has ordained for that offence. He was subject to no. inconvenience or hardship on his trial. Being charged with felony, he was admitted to his privilege of peremptory chai- *72 lenge. There could be no surprise on him, nor any difficulty in defending himself against both charges. Indeed, if he was guilty of the rape, he must have been guilty of the assault with intent to ravish; and, if he was not guilty of the assault with intent to ravish, he could not be guilty of the rape: so that when he prepared for defence against one event, he must necessarily prepare for defence against the other. It would have been unjust, however, to punish him for the assault, which was merged in the greater offence of rape, and therefore he was not punished for it. It may be proper to remark here, that where two offences are charged in separate counts, if the defendant can make it appear, that this mode of proceeding will subject him to unreasonable difficulty or embarrassment, on his trial, the court have it in their power to protect him, by quashing the indictment, or compelling the prosecutor to elect, on which count he will proceed, and discharge the defendant from the other.
I can perceive no inconvenience or illegality in the mode of proceeding in the record before us, and am therefore of opinion that the judgment should be affirmed.
Judgment affirmed.