# Dinkey *versus* The Commonwealth.

1. An indictment for *seduction* under the statute includes the charge of *fornication*, and the party so indicted may therefore be convicted of the latter offence.

2. A party, indicted for seduction and acquitted, may plead such acquittal in bar of a subsequent indictment for fornication and bastardy founded on the same act; and the record will be a complete defence.

ERROR to the Quarter Sessions of *Carbon county*.

Charles Dinkey, the plaintiff in error, was indicted at June Sessions, 1850, for fornication and bastardy. The indictment was in the usual form, and charged the fornication to have been committed on the 15th day of May, 1849. The bill was duly found; and on the 1st October, 1850, the defendant pleaded a former *acquittal* under an indictment *for seduction* of the same female,

tried by a jury at the September Sessions, 1850. The Commonwealth demurred to the defendant's plea as insufficient in point of law, and on the same day the court sustained the demurrer, and gave judgment of respondeat ouster. Whereupon, the defendant pleaded *non cul.* &c.; issue was joined; verdict of guilty rendered, and judgment pronounced. To this judgment the writ of error was taken.

The indictment for seduction, upon which the plea of *autrefois acquit* was founded, contained three counts:

The first count charged that the defendant " on the 15th day of May, 1849, with force and arms, &c., at the county aforesaid, and within the jurisdiction of this court, did deliberately, wickedly, wilfully, maliciously, unlawfully, and under promise of marriage, seduce, *and with illicit connexion carnally know*, debauch and deflower a certain S. R., a single woman; she the said S., then and there being a female of good repute, under the age of twenty-one years, to wit, of the age of nineteen years and upwards."

The second count charged that the defendant " on the 15th day of May, 1849, at the county aforesaid and within the jurisdiction of this court, did deliberately, knowingly, and seriously contract, promise, and engage, to unite himself in the bonds of matrimony with the said S. R., single woman, and under such contract, promise, and engagement of marriage, so as aforesaid made and entered into by the said Dinkey, did then and there unlawfully seduce *and with unlawful connexion carnally know*, debauch, and deflower the said S ; she the said S. then and there being a female of good repute, and under the age of twenty-one years, to wit, of the age of nineteen years and upwards."

The third count charged that the defendant " on the 15th day of May, 1849, at, &c., within the jurisdiction, &c., did deliberately, knowingly, and seriously contract, promise, and engage to unite himself in the bonds of matrimony, to and with the said S. R., spinster and maiden, and under such contract, promise, and engagement of marriage so as aforesaid made and entered into by the said D., to and with the said S. R., he the said D. did then and there, and under the contract and promise of marriage aforesaid, deliberately, wilfully, wickedly, maliciously, and unlawfully seduce, debauch, deflower, *and with illicit connexion carnally know* the said S. R., she the said S. R. then and there being a female of good repute for chastity; the said S. R., being at the time she was so as aforesaid seduced, debauched, and deflowered by the said D., under the contract and promise of marriage aforesaid, under twenty-one years of age."

It was assigned for error, that the court erred in sustaining the demurrer of the Commonwealth, and rendering judgment of respondeat ouster.

[Dinkey *v.* The Commonwealth.]

The case was argued by *A. H. Reeder*, with whom was *W. A. Porter*, for Dinkey, the plaintiff in error.—The pleas of *autrefois acquit* and of *autrefois convict*, depend on the same principle, viz. that no man shall be placed in peril of legal penalties, more than once upon the same accusation : 1 *Ch. Cr. Law* 452 and 462. 1 *Ch. Cr. Law* 461 : To the plea of *autrefois acquit*, the Attorney General on the part of the crown may either reply taking issue upon the averments of identity, or *nul tiel record*, if he intends to dispute the fact of an acquittal ; or if he relies upon its insufficiency in point of law to bar the proceedings he may demur.  1 *Ch. Cr. Law,* 455 : it is not in all cases necessary that the two charges should be precisely the same in point of degree, for it is sufficient if an acquittal of the one will show that the defendant could not have been guilty of the other : *Whart. Crim. Law* 141 ; 9 *Car. & Payne* 364 ; 17 *Wend.* 386 ; 5 *Barr* 83 ; 4 *Ser. & R.* 451.

*O. H. Wheeler*, for the Com'th., cited 4 *Coke's Reports,* 40 ; 9 *Yerger* 357 ; 17 *Wend.* 386.—The indictment contained two counts, one for seduction, and the other for fornication and bastardy.  An indictment cannot be grounded on two Acts of Assembly, so as to bring the offence within them, where the Acts are separate and distinct in their provisions : Updegraff *v.* Com., 6 *Ser. & R.* 10 ; *U. S. Crim. Law,* by Judge LEWIS, p. 41.

The opinion of the court was delivered, Dec. 29, 1851, by

BLACK, C. J.—The plaintiff in error being indicted for fornication and bastardy, pleaded *autrefois acquit,* setting forth in his plea an indictment for seduction, together with the record of his trial, and a verdict of not guilty.  To this plea the district attorney demurred, and the court gave judgment, *quod respondeat ouster,* against the defendant, who was afterwards tried on the plea of not guilty, and convicted.  The case comes before us on the single question whether the acquittal on the first indictment was a bar to the second.

No man who has been guilty of a crime against society, should be suffered to escape on a mere technical defence, not founded in any principle of natural justice or rule of public policy.  But it is also true, that where a man has once been fairly tried, there ought to be an end of the accusation for ever.  The right not to be put in jeopardy a second time for the same cause, is as sacred as the right of trial by jury, and is guarded with as much care by the common law and by the constitution.

Where a party is accused of a crime, and acquitted by the verdict of a jury, such acquittal will be a complete protection against any subsequent prosecution for the same offence, provided the first indictment was such that he could have been lawfully found guilty, and sentenced on it.  This well settled rule, while it shields the

[Dinkey *v.* The Commonwealth.]

citizen against the peril of repeated prosecutions, is broad enough for all the purposes of public justice.

If, therefore, the present plaintiff in error might have been convicted of, and punished for fornication, on the indictment for seduction, that record ought to have been held to be a good defence to the indictment for fornication. If there was no legal impediment to his conviction of fornication on the first indictment, the conclusive presumption is, that he was acquitted on the pure justice of his case; and we are not at liberty to ascribe the verdict of not guilty to any cause except the belief of the jury that he was innocent of fornication, as well as of all other offences then charged against him.

The general rule is, that where an indictment charges an offence which includes within it another and less offence, the party may be convicted of the latter, if he is guilty; and acquitted of the former, if the evidence makes it proper. For instance; on an indictment for murder, there being no sufficient proof of malice, the jury may find a verdict for manslaughter. A person charged with burglary and stealing, may be convicted of larceny, if the proof fail of the breaking and entering. In Strous *v.* The Commonwealth, 5 *Barr* 83, it was held that the defendants, indicted for a riotous assault and battery, might be convicted of assault and battery only. This court then declared it to be enough to prove so much of the indictment as shows that the defendant has committed a substantive offence therein charged. It would be easy to multiply cases to this effect, if it were necessary. It is proper, however, to add, that on an indictment for a felony, there cannot be a conviction for a minor offence included within it, if such minor offence be a misdemeanor. And this is the foundation of the rule, that an acquittal of a felony is no bar to another indictment for the same act, charging it as a misdemeanor, and *vice versa.*

Illicit carnal connexion is called by different names, according to the circumstances which attend it. Unaccompanied with any facts which tend to aggravate it, it is simple fornication. When it causes the birth of an illegitimate child, it is fornication and bastardy. Where the man who commits it, is married, it is adultery. When the parties by whom it is done are related to one another within certain degrees of consanguinity or affinity, it becomes incest. Where it is preceded by fraudulent arts (including a promise of marriage) to gain the consent of the female, who is under twenty-one years of age, and of good repute, it assumes another name, and by the statute of 1843 is called seduction. But the body of all these offences is the illicit connexion. In each case, the essential fact which constitutes the crime, is fornication.

Vol. V.—17

[Dinkey *v.* The Commonwealth.]

We cannot doubt that, on an indictment for any offence below the grade of felony, which includes illicit connexion, and of which that illicit connexion forms an essential part, the defendant may be found guilty of fornication. If the prosecution is unable to show the marriage of the defendant on a trial for adultery, he may be convicted of fornication; and of that opinion was the whole court in the case of the Commonwealth *v.* Roberts, 1 *Yeates* 6. It is every day's practice to convict of fornication alone, on indictments for fornication and bastardy, where there is reason to believe that the defendant, though guilty of the criminal intercourse, was not the father of the child. If the relationship should happen not to be made out on an indictment for incest, no court would hesitate to direct a verdict for simple fornication.

There is no reason why the same rule should not prevail in a case of seduction. Fornication is included in that offence, as certainly as it is in adultery, or incest. It is as clearly implied by the word *seduce* as it is by any word employed in an indictment for adultery. Seduction, as used in an indictment, does not mean an enticement to any other sin than a surrender of chastity. No woman is seduced, within the meaning of the statute, until fornication has been committed on her body. Again; the illicit connexion averred in the indictment means fornication, and cannot by any amount of perverseness be supposed to mean anything else. But this is not all. The indictment recited in this plea charges that the defendant did *debauch, deflower,* and *carnally know* the prosecutrix. This surely puts it past the power of doubt, if the plainest words in the English language can do so.

Fornication then was a substantive offence charged against the plaintiff in error in the indictment for seduction. He might have been convicted of the former offence on the indictment for the latter. He was, therefore, tried for fornication on the first indictment; and if the judgment pronounced against him on the second be permitted to stand he must suffer for an offence of which there is conclusive evidence that he was acquitted before; and is twice put in jeopardy for a cause which the Commonwealth, by the demurrer, admits to be the same.

The judgment of the Court of Quarter Sessions is therefore to be reversed. The defendant is discharged, and permitted to go without day.