## COMMONWEALTH v. CHARLES PARKER.

APPEAL BY DEFENDANT FROM THE COURT OF OYER AND
TERMINER OF ALLEGHENY COUNTY.

Argued October 27, 1891—Decided January 4, 1892.

Under an indictment charging rape alone, the defendant may be acquitted
of the felony, and convicted of fornication, a constituent offence in-
volved within the offence charged : * Commonwealth v. Lewis, 140 Pa.
561.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WIL-
LIAMS, McCOLLUM and MITCHELL, JJ.

No. 42 October Term 1891, Sup. Ct.; court below, No. 15
September Term 1890, O. and T.

On October 14, 1890, the grand jury having returned as a
true bill an indictment charging Charles Parker with the offence
of rape committed upon the person of Emma Whitney, the
defendant, waiving formal arraignment, pleaded not guilty.
The cause being called for trial, the jury returned a verdict
that they found the defendant not guilty of the felony charged,
but guilty of fornication.

On October 16th, the defendant's counsel moved the court in
arrest of judgment, assigning the following reasons :

" 1. There cannot legally be a conviction of fornication un-
der the indictment.

" 2. The indictment contains no count for fornication, and the
conviction of that offence is unlawful, and cannot be sustained."

After argument, the court, WHITE, J., on December 12,
1890, overruled the said motion ; exception.   Sentence having
been passed, the defendant was granted an allocatur and took
this appeal, assigning the order overruling the motion in arrest
of judgment, for error.

*Mr. W. D. Moore* (with him *Mr. Jno. S. Robb*), for the
appellant :

---

* See act of May 19, 1887, P. L. 128.

Syllabus.

The last case reported on this subject, though somewhat different from the present, settles the principle upon which this case should be decided. It holds, first, that rape, fornication and bastardy, may be joined in an indictment, and second, that fornication is an incident to rape. In the present case there is no count for fornication, and the jury acquitted of rape and found the defendant guilty of fornication; and our contention is that a defendant cannot be convicted of an incident to a fact, and at the same time acquitted of the fact.

There was no appearance for the Commonwealth.

PER CURIAM:

The defendant was charged with rape. The jury acquitted him of the rape, but convicted him of fornication. We have held in a recent case, Commonwealth v. Lewis, 140 Pa. 561, that rape, and fornication and bastardy may be joined in an indictment, and that fornication is an incident of rape. The appellant contends that he cannot be convicted " of an incident to a fact, and at the same time acquitted of the fact." But the law is well settled that a man may be acquitted of an offence charged, and yet be convicted of a constituent offence involved within it. This principle does not need the citation of authority.

Judgment affirmed.