J-A04015-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| BRIAN CORSEY | : | |
| | : | |
| Appellant | : | No. 71 EDA 2021 |

Appeal from the Judgment of Sentence Entered November 13, 2020
In the Court of Common Pleas of Chester County Criminal Division at
No(s):  CP-15-CR-0002682-2018

BEFORE:  LAZARUS, J., NICHOLS, J., and McLAUGHLIN, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED JUNE 02, 2022**

Brian Corsey appeals from the judgment of sentence, entered in the Court of Common Pleas of Chester County, following his conviction by a jury of second-degree murder,[1] four counts of robbery,[2] criminal conspiracy to commit robbery,[3] criminal conspiracy to commit theft by unlawful taking,[4] and violation of the Uniform Firearms Act.[5]  After careful review, we affirm in part, vacate in part, and remand.

---

[1] 18 Pa.C.S.A. § 2502(b).

[2] 18 Pa.C.S.A. §§ 3701(a)(1)(i), (ii), (iv), (v).

[3] 18 Pa.C.S.A. §§ 903(a)(1), (2), 3701(a)(1)(i), (ii), (iv), (v) (criminal conspiracy; objective: robbery -controlled substance).

[4] 18 Pa.C.S.A. §§ 903(a)(1), (2), 3921(a) (criminal conspiracy; objective: theft).

[5] 18 Pa.C.S.A. § 6106(a)(1).

Following a six-day trial, a jury convicted Corsey of the abovementioned offenses for his role in the December 27, 2017 shooting death of fifteen-year-old Jason Ortiz-Cameron in the parking lot of a Dunkin' Donuts in Phoenixville, Chester County. The victim was killed during the robbery of a drug dealer. Corsey, the alleged triggerman, was tried jointly with John Ortiz-Carr (Ortiz-Carr), one of Corsey's two co-conspirators. The other co-conspirator, Robert McCoy (McCoy), testified at the trial.[6]

This Court has previously summarized the underlying facts:

> [T]he evidence established that McCoy recruited Ortiz-Carr and Corsey to join him in robbing Thomas Ferrell, a drug dealer, of marijuana, by force "if necessary." N.T. Jury Trial, 9/24/20, at 642-45, 653. The three men discussed this plan at the Pottstown home of a drug addict named "Dave." *Id.* at 630, 635, 638-45. Devin Stevens (Stevens) was present when the three discussed this plan, and he testified that McCoy brought a gun along. *Id.*, 9/22/20, at 130-31, 145-47. Stevens also testified that he heard Ortiz-Carr tell McCoy before they left to "make sure it's worth it." *Id.* McCoy drove Corsey's car to the Dunkin' Donuts, the arranged meeting place. Ortiz-Carr sat in the front passenger seat of the vehicle, and Corsey sat in the back seat. *Id.* at 647. Meanwhile, Ferrell had recruited some teenagers to accompany him on the drug deal, one of whom was the victim. Ferrell gave the bagged marijuana to the victim and, when they arrived at the Dunkin' Donuts, they devised a plan to rob the buyer (McCoy) and run, instead of selling him the marijuana. *Id.*, 9/23/20, at 282-84; *id.*, 9/24/20, at 741-42. When McCoy, Corsey and Ortiz-Carr arrived at the Dunkin' Donuts, McCoy backed the car into a parking space "so it would be easier to drive away." *Id.* at 648. McCoy contacted Ferrell, the seller, and told him he was at the meeting place. *Id*. McCoy testified that, at that point, Corsey got out of the car, went to the trunk, and came back. *Id.* at 649. McCoy stated he did not know why Corsey went to the trunk. *Id.*

---

[6] McCoy entered a guilty plea to third-degree murder and conspiracy to commit robbery. *See* N.T. Trial, 9/24/20, at 645.

When Ferrell and the victim arrived, McCoy testified that neither showed him the marijuana, [and] that he asked Ferrell to get into the car, but Ferrell did not want to because he thought things were "sketchy." ***Id.*** at 653-54. At that point, Ferrell and the victim "walked away." ***Id.*** at 654. Corsey got out of the car to talk to Ferrell and the victim, and then Corsey, Ferrell and the victim walked back to the car. Id. at 654. McCoy stated that he then got out of the car to meet them, and all four of them walked back to the car. ***Id.*** at 655. McCoy testified he told Ortiz-Carr to get into the driver's seat, and Ortiz-Carr did so. ***Id.*** at 656-57. McCoy stated that he asked Ferrell to show him the marijuana, ***id.*** at 655-56, and then he heard Corsey say to the victim, "[G]ive me everything you got." ***Id.*** at 659. The next thing McCoy heard was a "pop," which he recognized as a gunshot. ***Id.*** at 660. The victim was shot in the face at close range. McCoy testified that he ran back to the car and got into the front passenger seat; Corsey got into the back seat and Rodriguez-Carr drove the car away. ***Id.*** at 661-62. [] McCoy then testified that when they arrived back at Dave's house in Pottstown, Corsey had the marijuana and the three of them split it up. ***Id.*** at 666.

***Commonwealth v. Ortiz-Cameron***, 2205 EDA 2020 (Pa. Super. filed Feb. 2, 2022) (unpublished memorandum decision), at 6-8.

On November 13, 2020, the trial court sentenced Corsey to mandatory life in prison.[7] Corsey did not file a post-sentence motion. Corsey filed a timely notice of appeal. Both the trial court and Corsey complied with Pa.R.A.P. 1925.

Corsey raises one issue for our review: "Should [Corsey's] conviction for conspiracy to commit theft by unlawful taking be vacated where he was also

---

[7] With respect to the remaining convictions, the court either determined the convictions merged for sentencing purposes, imposed concurrent sentences, or imposed no further penalty.

convicted of conspiracy to commit robbery relative to the same criminal objective?" Appellant's Brief, at 2. Corsey is entitled to relief on this claim.

Both the trial court and the Commonwealth agree that Corsey's conviction on the second conspiracy charge (count IX- conspiracy to commit theft by unlawful taking), was improper. Corsey was charged with two conspiracies, one to commit robbery and one to commit theft by unlawful taking or disposition.[8]

> In the information, [Corsey] was charged with two separate counts of conspiracy, one to commit robbery (Count VI) and one to commit theft by unlawful taking or disposition (Count IX). On the verdict slip, these two counts were reflected in two separate charges or the jury to address. The jury found the [Corsey] guilty on both Counts. Thus, [Corsey] was convicted of two separate conspiracies when there was actually only one.

Trial Court Opinion, 8/8/18, at 102 (unnecessary capitalization omitted). The evidence at trial, however, established that Corsey engaged in only one conspiracy, not multiple conspiracies. *See* 18 Pa.C.S.A. § 903(c) ("If a person conspires to commit a number of crimes, he is guilty of only one conspiracy so long as such multiple crimes are the object of the same agreement or continuous conspiratorial relationship."). *See also Commonwealth v.*

---

[8] We note that the Commonwealth's brief and the trial court have not been consistent in referring to these counts. The charges have been referred to as counts IX and XII, *see* Trial Court Opinion, 6/30/21, at 2-3, as counts VI and IX, *see id.* at 102, and as counts X and XII, *see* Commonwealth's Brief, at 2. The correct references are counts VI (criminal conspiracy-robbery) and count IX (criminal conspiracy-theft by unlawful taking or disposition). *See* Bill of Information, 8/8/18; Trial Court Opinion, 6/30/21, at 102.

*Rivera*, 238 A.3d 82 (Pa. Super. 2020) (vacating improper conviction is appropriate remedy for violation of 18 Pa.C.S.A. § 903(c)).

As the trial court stated, and the evidence clearly showed, there was only one conspiracy here, albeit one with multiple criminal objectives. Thus, for Corsey to be convicted of two counts of conspiracy, there must be separate agreements, or separate conspiratorial relationships, to support each conviction. *Commonwealth v. Barnes*, 871 A.2d 812 (Pa. Super. 2005). Here, the co-conspirators' shared criminal intent anticipated the use of force to accomplish the objectives of the conspiracy, and the objectives were the result of one "continuous conspiratorial relationship." *Commonwealth v. Davis*, 704 A.2d 650, 654 (Pa. Super. 1997). As such, under subsection 903(c), Corsey could only be found guilty of conspiracy to commit robbery, "that crime being the underlying foundation of the agreement upon which the conspiracy charges were based." *Barnes*, 871 A.2d at 821. Therefore, Corsey's conviction for conspiracy to commit robbery should stand, but his conviction for conspiracy to commit theft by unlawful taking must be vacated. Trial Court Opinion, *supra* at 102-03. *See Commonwealth v. Williams*, 559 A.2d 25, 27 n. 2 (Pa. 1989) (theft is lesser included offense of robbery).

We note that correcting this error does not disturb any of Corsey's other convictions or the trial court's sentencing scheme because the court did not impose a sentence on the conviction of conspiracy to commit theft by unlawful

taking. ***Commonwealth v. Thur***, 906 A.2d 552, 569-70 (Pa. Super. 2006). Thus, we remand solely for the purpose of vacating that conviction.

Judgment of sentence affirmed; case remanded for vacatur of conspiracy to commit theft by unlawful taking conviction. Jurisdiction relinquished.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date:* *6/2/2022*