J-S10019-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| DEMETRIUS FEMI | : | |
| | : | |
| Appellant | : | No. 752 EDA 2022 |

Appeal from the Judgment of Sentence Entered February 14, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0005626-2019

BEFORE:  PANELLA, P.J., LAZARUS, J., and STABILE, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED MAY 08, 2023**

Demetrius Femi appeals from the judgment of sentence, entered in the Court of Common Pleas of Philadelphia County, after entering a hybrid guilty plea to third-degree murder,[1] conspiracy,[2] carrying a firearm in Philadelphia,[3] and possession of an instrument of a crime (PIC).[4]  After review, we affirm.

Femi was arrested on June 20, 2018, and he entered a hybrid guilty plea on May 25, 2021.  At the guilty plea hearing, the prosecutor read the following facts into the record:

> On June 7[], 2018, Philadelphia police officers were called out to the address of 1831 South 58th Street for a report of a hospital

---

[1] 18 Pa.C.S.A. § 2502.

[2] *Id.* at § 903.

[3] *Id.* at § 6108.

[4] *Id.* at § 907.

case [at approximately] 12:42 [p.m.]  Upon arrival, they discovered the victim, Zahir [] Lyons [], in his second[-]floor room at [the South 58th Street] location,[] suffering two gunshots to the head.  [Lyons] was pronounced dead on scene.  []

[Thereafter,] detectives received a phone call from the victim's mother, Brenda Graham, who reported to them that [Lyons'] [s]ocial [s]ecurity and debit cards were being used at various locations.  Detectives [] recovered [surveillance] video [from those locations] showing [] three or four individuals [] using the ATM or making purchases at the time that showed up on [Lyons' bank] statements [].

One of those individuals was identified.  He was never actually using the card, but he was present with the other individuals at the time.  He was identified as this defendant, [] Femi.  [] Femi was brought into the Homicide Unit after he was arrested on a warrant for using [] or conspiring [] to use [Lyons'] debit cards or [s]ocial [s]ecurity cards.

A statement was taken from [Femi] by Detective Shawn Leahy[.] [Femi] admitted to detectives that he lived at the location of 1831 South 58th Street.  It was a rooming house.  [Lyons] lived there also, and that on the day of this incident, there as an argument between [Femi] and [Lyons.]  [Lyons'] brother was also present. [Femi] said that [Lyons'] brother waved a gun at [] Femi and his girlfriend and [then Lyons] evicted [them] from the rooming house.

Femi then left with his girlfriend.  [Femi] was telling [his friend, Kareem, about the incident].  [] Kareem told [Femi] that [Femi] had to go back and take care of what happened and that he couldn't let that go.  [Femi] took a revolver from [] Kareem. [Femi] went to the rooming house[,] went up to [Lyons'] room and shot [Lyons] twice in the head[.  Femi then] ran and gave the gun back to Kareem.  [Femi also] stated that [] he did not have any knowledge that [] somebody was using [Lyons'] debit or [social security] cards.

N.T. Guilty Plea, 5/25/21, at 12-13.

Femi was permitted to supplement the facts as follows:

[] At the time that [Lyons] and his brother evicted [Femi] and his [pregnant] girlfriend, their two children[, a newborn and a two-year-old,] were present in the room.  [They were also] present

when the gun was produced by [Lyons'] brother. Femi [also] indicated that [] after [he and his girlfriend] had agreed to leave and pack up all of their belongings, [] Femi [stated] that[,] "Everybody was trying to get me to do something to [Lyons] and I'm always like 'No, no, no. He got peoples, he got peoples[.] I'm not touching that man.[]" [Femi] thought that [Lyons] was a reasonable person and that [Femi] could talk to [him.] Kareem kept telling him, "You should go around there and shoot [Lyons]." [Femi] kept saying, "No. I'm not doing that. [Kareem] kept saying [], "Walk over to the house. Let's walk over to the house." [] Ultimately, [Femi] agreed to walk with Kareem back to [Lyons'] residence.

*Id.* at 14-15.

The court deferred sentencing and ordered a presentence investigation (PSI) report and a psychiatric report. On February 14, 2022, Femi was sentenced to 20 to 40 years' incarceration for third-degree murder, 10 to 20 years' incarceration for conspiracy, and five years' probation for each of the two remaining firearms charges, all to run consecutively. Accordingly, his aggregate sentence is 30 to 60 years' incarceration, followed by 10 years of probation. Femi filed a motion for reconsideration of sentence on February 23, 2022, which the trial court denied. Femi filed a timely notice of appeal, and he and the trial court have both complied with Pa.R.A.P. 1925. Femi raises one issue for our review: "Is the sentence imposed unduly harsh and excessive under the circumstances where, *inter alia*, the lower court relied upon an improper factor in fashioning the sentence?" Appellant's Brief, at 4.[5]

_____

[5] A defendant is not precluded from appealing the discretionary aspects of his sentence following a hybrid guilty plea because there has been no bargain for a specific or stated term of sentence in the negotiated plea agreement. *Commonwealth v. Tirado*, 870 A.2d 362, 365 n.5 (Pa. Super. 2005); *Commonwealth v. Dalberto*, 648 A.2d 16, 21 (1994).

Femi challenges the discretionary aspects of his sentence, from which there is no automatic right to appeal. *See Commonwealth v. Austin*, 66 A.3d 798, 807-08 (Pa. Super. 2013). Rather, when an appellant challenges the discretionary aspects of his sentence, we must consider his brief on this issue as a petition for permission to appeal. *Commonwealth v. Yanoff*, 690 A.2d 260, 267 (Pa. Super. 1997). Prior to reaching the merits of a discretionary aspects of sentencing issue,

> [this Court conducts] a four-part analysis to determine: (1) whether the appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (quotation marks and some citations omitted).

Presently, Femi filed a timely notice of appeal and preserved his issues in a post-sentence motion for reconsideration. Further, Femi's brief includes a concise statement of reasons relied upon for allowance of appeal with respect to the discretionary aspects of his sentence pursuant to Rule 2119(f). Thus, we must determine if Femi raises a substantial question.

A substantial question exists when "the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Austin*, *supra*

- 4 -

at 808. Additionally, "we cannot look beyond the statement of questions presented and the prefatory Rule 2119(f) statement to determine whether a substantial question exists." *Commonwealth v. Radecki*, 180 A.3d 441, 468 (Pa. Super. 2018).

Femi first argues that his sentence is excessive because the sentencing court, in imposing consecutive sentences for third-degree murder and conspiracy, failed to consider mitigating factors, including his history of being physically abused, as well as his history of mental health issue and drug use. *See* Appellant's Brief, at 28. Femi also argues that the sentencing court considered an improper factor found in the Commonwealth's statement of "facts," which included that Femi "stole [and used]" Lyons' bank cards. *Id.* at 29.

Upon review, we determine that Femi has raised substantial questions that warrant allowance of appeal. Indeed, a defendant's claim that his sentence is excessive, in conjunction with a claim that the trial court failed to consider mitigating factors, raises a substantial question. *See Commonwealth v. Swope*, 123 A.3d 333, 339 (Pa. Super. 2015) (substantial question raised where defendant challenged consecutive sentences as excessive and claimed court failed to consider rehabilitative needs and mitigating factors). *See also Commonwealth v. Raven*, 97 A.3d 1224, 1253 (Pa. Super. 2014) (substantial question raised where defendant challenged sentence as excessive, and court failed to consider mitigating factors). Further, Femi's claim that the trial court considered a fact not in

evidence also raises a substantial question. *Commonwealth v. Penrod*, 578 A.2d 486, 490 (Pa. Super. 1990) (substantial question raised where defendant claimed sentencing court considered facts not of record). Accordingly, we will proceed to address Femi's claims on their merits.

This Court's review of a claim for abuse of discretion in sentencing is well-settled.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, an appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias[,] or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Sheller*, 961 A.2d 187, 190 (Pa. Super. 2008).

Femi contends that the trial court's consecutive sentencing scheme is excessive because: all four offenses are related to a single criminal incident; it results in a *de facto* life sentence because he is currently 28 years old and could potentially be incarcerated until he is over 85 years old; and he did not voluntarily enlist, but rather was pressured to carry out Lyons' murder. *See* Appellant's Brief, at 37-38. Femi also asserts that the trial court failed to consider Femi's personal trauma,[6] extreme remorse, severe mental and physical health conditions, homelessness and rehabilitative needs, as well as

---

[6] Femi's personal trauma includes that he had been physically abused by his father, uncles and male cousins, that his mother had emotionally abused him, that his godfather (his father's best friend) had performed oral sex on him, and that his father had physically abused his mother before they separated. *See* Appellant's Brief, at 28.

his immediate, complete, and tearful acceptance of responsibility. *Id.* at 39. Femi is entitled to no relief.

Pursuant to 42 Pa.C.S.A. § 9721, it is within a trial court's discretion to impose sentences of imprisonment consecutively or concurrently to one another. That decision will not be disturbed absent a finding of manifest excessiveness of an aggregate sentence. *Id.* at § 9721(a). We highlight that a single incident may support multiple convictions. *Commonwealth v. Anderson*, 650 A.2d 20, 22 (1994) ("[T]he same facts may support multiple convictions and separate sentences for each conviction[,] except in cases where the offenses are greater and lesser included offenses"). *See Commonwealth v. Williams*, 559 A.2d 25 (1989) (crimes merge when they have same elements—*i.e.* lesser included offenses—and same facts); *see also Commonwealth v. Calhoun*, 53 A.3d 281, 287 (Pa. Super. 2012) (where sentences do not merge, defendant is not entitled to "volume discount" in being sentenced).

Additionally, "Pennsylvania does not recognize a definitive term of imprisonment as a *de facto* [life without parole] sentence. Nor have we determined there is a particular age at time of earliest release that is presumptively the equivalent of a life sentence." *Commonwealth v. Anderson*, 224 A.3d 40, 46 (Pa. Super. 2019).[7] In *Anderson*, this Court

---

[7] We note that the defendant in *Anderson* was a minor at the time the crime occurred.

- 7 -

determined that defendant's minimum release date of age 67 was not a *de facto* life sentence where defendant failed to establish that he would not survive until this date or that there was no opportunity for meaningful life after release. *Id.* at 47. Further, in **Commonwealth v. Austin**, 66 A.3d 798 (Pa. Super. 2013), this Court considered a defendant's claim that consecutive sentences in 47 out of a total of 96 counts of possession of child pornography resulted in a *de facto* life sentence. The Court rejected the defendant's claim, reasoning that an aggregate sentence of 35 to 70 years' incarceration was not a life sentence for the 28-year-old defendant. *Id.* at 801 n.1, 807.[8]

Moreover, when fashioning a sentence, the trial court shall impose total confinement consistent with the protection of the public, the gravity of the offense as it related to the impact on the victim's life the community, and the rehabilitative needs of the defendant. 42 Pa.C.S.A. § 9721(b). **See also Commonwealth v. Galletta**, 864 A.2d 532, 538 (Pa. Super. 2004) (question is whether sentencing court balanced relevant factors and imposed reasonable sentence). Additionally, where a court has the benefit of a PSI, we presume the court was aware of and weighed this information when making its sentencing decision. **Moury**, **supra** at 175.

Further, Femi's conspiracy and third-degree murder convictions, although stemming from the same facts, do not merge. **See Commonwealth v. Servich**, 602 A.2d 1138 (Pa. Super. 1992) (third-degree murder conviction

---

[8] The Court found that the appellant in **Austin** did not raise a substantial question but nonetheless considered the claim on the merits.

stems from actions related to killing, conspiracy conviction rests on existence of agreement).  Indeed, Femi is not entitled to a volume discount in his sentence.  **Calhoun**, **supra**.

Additionally, because the sentence in **Austin** was not a *de facto* life sentence, as the defendant would be eligible for parole at age 63 following his 35-year minimum term of incarceration, it is axiomatic that Femi's sentence is not a *de facto* life sentence.  Femi was 28 years-old at sentencing and his minimum incarceration term of incarceration is 30 years.  Accordingly, he will be 58 years old when he becomes eligible for parole, **see** 42 Pa.C.S.A. § 9756(b)(2), five years *younger* than the defendant in **Austin**.  Moreover, Femi failed to establish that he would not survive until past this date or that he would not have the opportunity for meaningful life post release.  **See Anderson**, **supra**.

Finally, the trial court stated that it considered the following in fashioning Femi's sentence:  a PSI; a psychiatric PSI; a mitigation expert report; Femi's offense gravity score (14); Femi's prior record score (2); all testimony and arguments of counsel; Femi's mental health and rehabilitative needs; and the need for protection of the public.  **See** N.T. Sentencing, 2/14/22, at 5; Trial Court Opinion, 7/5/22, at 6.  The trial court also heard defense counsel summarize the physical and emotional abuse Femi suffered as a child, his lack of education, and his lifelong struggle with mental health and drug use and the impact that those condition had on Femi when Kareem "pressured" Femi to go back to Lyons' home and shoot him.  ***Id.*** at 8-13.

These considerations are consistent with the mandate in section 9721(b). *Galletta*, *supra*.

In light of the foregoing, we conclude that the trial court did not abuse its discretion when it sentenced Femi to 30 to 60 years' incarceration where Femi's convictions did not merge, his sentence is not an excessive *de facto* life sentence, and where the court considered and balanced mitigating factors and the protection of the public. *Austin*, *supra*; *Williams*, *supra*; *Servich*, *supra*; *see also* 42 Pa.C.S.A. § 9721(b).

Next, Femi contends that the sentencing court improperly relied upon the Commonwealth's inflammatory claim that Femi stole and used Lyons' bank cards after the murder. Femi highlights that although, he specifically denied the allegation that he used, or knew that others had used, Lyons' bank cards, the assistant district attorney, at sentencing, summarized the "facts," in relevant part, as follows: "[A]nd then after [Lyons] is left in his room dying[,] his debit card is stolen[.] [G]uess who is on video using that debit card along with others? [Femi]." N.T. Sentencing, 2/14/22, at 24.[9] Femi is entitled to no relief.

---

[9] Femi relies on *Commonwealth v. Karash*, 452 A.2d 528 (Pa. Super. 1982), for the proposition that a sentence is invalid if the sentencing court may have relied in whole, or in part, upon impermissible considerations. *Id.* at 528-29. In *Karash*, the defendant attempted to escape while incarcerated awaiting sentencing for a burglary conviction. The trial court, in fashioning defendant's sentencing regarding his burglary conviction considered the defendant's attempt to escape in the court's rehabilitation determination. This Court remanded for resentencing reasoning that the defendant had not yet been
*(Footnote Continued Next Page)*

- 10 -

Here, the sentencing court relied on the prosecutor's statement because Femi "plainly stated" he was among the group of individuals using Lyons' bank cards and a prosecutor is permitted to summarize evidence and offer reasonable inferences of a defendant's guilt therefrom. Trial Court Opinion, *supra* at 8. We find no error or abuse of discretion.

In *Commonwealth v. P.L.S.*, 894 A.2d 120 (Pa. Super. 2006), this Court determined that prior uncharged criminal behavior may be considered in sentencing when there is evidentiary proof linking the defendant to the conduct. *Id.* at 130-31. In *P.L.S.*, this Court found that there was evidentiary proof linking the defendant to the uncharged sexual abuse of two children. There, the defendant made statements to the state Sexual Offenders Assessment Board regarding this abuse and, although the defendant disputed the age of the children involved, he did not deny that the abuse occurred. *Id.* at 132.

Further, in *Commonwealth v. Hutchinson*, 25 A.3d 277 (Pa. 2011), our Supreme Court stated, "In accord with the long-standing principle that a prosecutor must be free to present his or her arguments with logical force and vigor, this Court has permitted vigorous prosecutorial advocacy as long as

---

convicted of escape, and thus, his due process right to a presumption of innocence had been violated. Unlike in *Karash*, the sentencing court here did not learn of the stolen bank cards on television or in a newspaper, but rather had facts, which Femi pled to at his hybrid guilty plea hearing, demonstrating that Femi was among a group of individuals using Lyons' debt and social security cards.

there is a reasonable basis in the record for the prosecutor's comments." *Id.* at 306 (citation and quotations omitted). "Any challenged prosecutorial comment must not be viewed in isolation, but rather must be considered in the context in which it was offered." *Id.* at 307.

Similar to *P.L.S.*, there is evidentiary proof linking Femi to the use of Lyons' ATM and social security cards. Indeed, Femi pled guilty to the above-stated facts, which demonstrate that Femi was among the group of individuals who had been using Lyons' bank cards. *See* N.T. Guilty Plea, 5/25/21, at 11-15. Specifically, the trial court was permitted to consider that although, Femi denied personally using Lyons' cards and denied having knowledge that somebody else had used the cards, Femi **did not** dispute that he was seen on surveillance video among the group of individuals using Lyons' cards. *Id.* at 12. Thus, the prosecutor's statement that Femi was among a group of individuals using Lyons' bank cards is supported by the agreed-upon facts. *Id.* Therefore, there is a reasonable basis in the record for the prosecutor's statement and, as such, it was not improper. *See Hutchinson*, *supra*.

In light of the foregoing, the sentencing court committed no error or abuse of discretion in fashioning Femi's sentence.

Judgement of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/8/2023